UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRESTEN MARCH

    Plaintiff,

v.                                    CASE NO:

HSN, INC.,

    Defendant(s).
_____/

## COMPLAINT

Plaintiff, KIRESTEN MARCH, by and through the undersigned counsel, sues Defendant HSN, INC. and alleges:

### Jurisdiction

1. This is an action for damages pursuant to the Family Medical Leave Act, 28 U.S.C. § 2601 (the "FMLA")

2. Venue is proper in this Court through Defendant's commission of unlawful policies and practices within this district and division. Further, Defendant maintains an office within this district and division.

### PARTIES

3. Plaintiff, KIRESTEN MARCH, is an individual, and a resident of Hillsborough County, Florida. At all times relevant to this action, Plaintiff is an eligible employee as defined by 29 U.S.C. § 2611(2)(A).

4. Defendant HSN, INC. is a Delaware corporation. At all times relevant to this action, Defendant is an employer subject to the FMLA.

## GENERAL ALLEGATIONS

5. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

6. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay her a reasonable fee for her services.

7. Plaintiff requests a jury trial for all issues so triable.

## FACTS

8. Plaintiff was employed by Defendant from August 4, 2007 through February 24, 2011 as a Customer Services Representative. Plaintiff was a participant to Defendant's health insurance plan as well.

9. Plaintiff suffers from kidney stones and ovarian cysts. These chronic conditions have caused her to undergo medical treatment for the past year and fall within the definitions of a serious health condition under the Family Medical Leave Act.

10. On or about September 2010, Plaintiff requested protection of the Family Medical Leave Act for treatment of these chronic conditions. The request was for "intermittent" leave based upon her medical needs.

11. From September 2010 through her termination of employment, Plaintiff intermittently missed time from work for care or treatment of her medical conditions.

12. Plaintiff's absences were initially approved under FMLA.

13. Beginning on or about October 25, 2010, Plaintiff began to encounter repeated denials of her requested FMLA leave for various reasons. Plaintiff made multiple requests of her doctor for specific wording Defendant or an Aetna representative had requested for approval. She would obtain doctor's notes with the wording as she was instructed, and was then told she

needed it worded differently yet again. Plaintiff and her doctor filled out the FMLA certification forms three to four times in the period of time from October 2010 - through January 2011.

14. At first, Plaintiff was advised she had exceeded the frequency and duration of her allotted intermittent leave, although she was well within the 12 weeks permitted. Plaintiff was told by Jean Mosher at Aetna that she could extend the frequency and duration provided she had the proper doctor's notes. Plaintiff was advised she had to have "medically necessary" written on her doctor's notes. When Plaintiff obtained the necessary doctor's notes with the above language she was advised that the language was not sufficient and the notes needed to say "that the days she was or will be absent are medically necessary".

15. Plaintiff advised Aetna that she had signed a medical release and they were authorized and could obtain further information directly from her doctor to avoid further grammatical issues.

16. Despite the target that kept moving, on January 24, 2011 Plaintiff did finally manage to get additional approval by Aetna for the period of time from September 27, 2010 through March 26, 2011.

17. Plaintiff's immediate supervisor Jane Parris became involved in the FMLA approval process although it should have been handled between Human Resources, Aetna, Plaintiff and her doctor. Ms. Parris would demand information from Plaintiff of a medical or personal nature which was not necessary for her supervisory duties, and make it seem as though a condition of employment that she answer.

18. Ms. Parris even closed out Plaintiff's FMLA claim at one point although she knew that Plaintiff was still undergoing care for her chronic medical conditions.

19. On February 24, 2011, Plaintiff's employment was terminated for purportedly: 1) exceeding the duration and frequency of her FMLA leave; 2) a no call/no show on January 31, 2011 and because she failed to meet her goal for January 2011.

20. The no call/no show was contrived and is untrue in that Plaintiff was experiencing known technical difficulties on that day and she called the Command Center throughout the day and received a ticket number evidencing the both the calls and technical issue.

21. Upon information and belief, Plaintiff met her January goal, and instead the numbers were purposely altered or reduced by her supervisor, Ms. Parris, in an effort to pretextually terminate Plaintiff.

22. As a consequence of Defendant's illegal acts as alleged, Plaintiff has suffered a loss of employment, together with a loss of pay and benefits, including insurance for health, disability and retirement benefits. Plaintiff's loss of wages and benefits is ongoing. Plaintiff is entitled to recover the full cost of replacing his/her benefits or the full cost of the benefits as paid by the employer.

23. Plaintiff is entitled to all lost wages, employment benefits, and other compensation lost by reason of Defendant's violation of Plaintiff's rights in an amount to be proven at trial, plus pre-judgment interest and an additional amount as liquidated damages pursuant to 29 U.S.C. § 2617.

## COUNT I
## FAMILY MEDICAL LEAVE ACT - INTERFERENCE

24. Plaintiff realleges and adopts the allegations stated in Paragraphs 1-23.

25. By the conduct described above, Defendant engaged in unlawful employment practices and interfered with Plaintiff's lawful exercise of her FMLA rights.

26. Defendant's actions constitute violations of the FMLA.

27. As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Liquidated damages;

      e.     Injunctive and/or equitable relief;

      f.     Costs and attorney's fees;

      g.     For any other relief this Court deems just and equitable.

## COUNT II
## FAMILY MEDICAL LEAVE ACT - DISCRIMINATION

28.    Plaintiff realleges and adopts the allegations stated in Paragraphs 1 – 23.

29.    By the conduct described above, Defendant discriminated against the Plaintiff for asserting her FMLA rights.

30.    Defendant's actions constitute violations of the FMLA.

31.    As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendant:

      a.     Back pay and benefits;

      b.     Interest on back pay and benefits;

      c.     Front pay and benefits;

      d.     Liquidated damages;

      e.     Injunctive and/or equitable relief;

      f.     Costs and attorney's fees;

      g.     For any other relief this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

_____
CHRISTIE D. ARKOVICH, Esquire
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
Florida Bar No. 963690
(813)258-2808
(813)258-5911 (Facsimile)
Attorney for Plaintiff